IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAN DAVID WOODSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 12-1131-SLR |
| | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM ORDER**

At Wilmington this 28th day of February, 2013, having reviewed the above captioned case;

IT IS ORDERED that petitioner Sean David Woodson's ("petitioner") pro se petition for the writ of error coram nobis (D.I. 3) is **DISMISSED**, for the reasons that follow:

**1. Background.** On February 4, 2009, in the Delaware Superior Court, petitioner entered a guilty plea to third degree burglary, a lesser included offense of second degree burglary. (D.I. 3 at 62) He was sentenced to three years of incarceration at Level V, with credit for 225 days previously served, suspended for one year at Level III. *Id.* at 33. Petitioner was also ordered to pay restitution in the amount of $5307.16. *Id.*

2. In October 2009, petitioner was arrested as a felon in possession of a firearm. Thereafter, in December 2009, the grand jury for the District of Delaware indicted him on one count of violating 18 U.S.C. §§ 922(g)(1) and 924(e), i.e., possession of a firearm after having been convicted of a felony. *See United States v. Woodson*, Cr. A. No. 09-117-LPS, (D.I. 2). On January 7, 2011, a federal jury convicted petitioner on

that count. However, on August 5, 2011, petitioner's motion for a new trial was granted. *Id.* at D.I. 157. The government appealed, and the Court of Appeals for the Third Circuit affirmed the decision to grant the new trial on January 4, 2013. *Id.* at D.I. 243.

3. In the interim, petitioner was entirely discharged from the probation portion of his state sentence on June 29, 2011, due to the fact that he was serving a federal sentence. (D.I. 3 at 62)

4. Thereafter, petitioner unsuccessfully attempted to expunge his 2009 conviction for third degree burglary from the Delaware Superior Court records. *Id.* at 69. He also unsuccessfully sought a writ of error coram nobis from the Delaware state courts. *Id.*

5. In September 2012, petitioner filed the instant "petition for a writ of error coram nobis" with respect to his 2009 conviction in the Delaware Superior Court, alleging that is entitled to relief because: (1) he is "actually innocent" of third degree burglary and also of the charges that were dismissed; (2) his plea was rendered invalid due to the trial court's failure to advise him of the crime's elements; and (3) defense counsel provided ineffective assistance. (D.I. 3 at 6-14)

6. **Standard of Review**. The writ of coram nobis can be used by a court to correct its own technical and fundamental errors. *United States v. Denedo*, 556 U.S. 904 (2009). The availability of coram nobis relief is limited to situations where the petitioner's sentence has been served, the petitioner shows exceptional circumstances and continuing collateral disadvantages, and alternative remedies (such as habeas corpus) are not available. *Id.* at 911. Significantly, however, coram nobis relief is not available in federal court as a means of attacking a state court judgment. *See Obado v.*

2

*New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). Rather, a person seeking coram nobis relief with respect to a state court conviction must pursue such relief in state court, not federal court. *Id.*

7. As for applications seeking habeas relief from state court convictions filed pursuant to 28 U.S.C. § 2254, a federal district court only has jurisdiction over a habeas application when the petitioner is in custody pursuant to the state court judgment "he is attacking at the time the habeas petition is filed." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. § 2254(a). Notably, although "[b]eing on probation meets the 'in custody' requirements for purposes of the habeas statute,"[1] a continuing liability under a restitution order is not enough of a restraint on liberty to constitute "custody" within the meaning of the habeas statute. *See Obado*, 328 F.3d at 717-18. A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

8. **Discussion**. In this case, petitioner is clearly challenging his 2009 Delaware Superior Court conviction for third degree burglary. The court's power of coram nobis review is limited to challenges associated with federal convictions. Thus, to the extent the instant filing may be considered a "true" petition for a writ of coram nobis, it is dismissed for lack of jurisdiction.

---

[1] *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004). "The meaning of "custody" has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to significant restraints on liberty . . . which were not shared by the public generally" along with some type of continuing governmental supervision." *Obado*, 328 F.3d at 717.

3

9. To the extent the instant filing may be construed as an application for habeas relief pursuant to 28 U.S.C. § 2254, it is dismissed for lack of jurisdiction for failure to satisfy § 2254's "in custody" requirement. Significantly, petitioner expressly admits, and the record demonstrates, that he was fully discharged on June 29, 2011 from any remaining probation stemming from his 2009 state conviction. In turn, the fact that petitioner was in federal custody when he filed the instant application does not satisfy § 2254's custody requirement; petitioner's federal custody was not pursuant to the 2009 conviction in the Delaware Superior Court being challenged here. And finally, if petitioner has not yet satisfied his obligation to pay restitution, his continuing liability to pay restitution does not constitute "custody" for habeas purposes. Thus, even if the court were to construe the instant filing as an application for habeas relief under § 2254, the court concludes summary dismissal for lack of jurisdiction is appropriate.

10. The court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that petitioner's motion for leave to proceed in forma pauperis (D.I. 1) is **GRANTED** for the limited purpose of issuing this Memorandum Order.

IT IS FURTHER ORDERED that the clerk of the court shall close the case and mail a copy of this memorandum order to petitioner at his address of record.

_____
UNITED STATES DISTRICT JUDGE