IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAN DAVID WOODSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 12-1131-SLR |
| ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

At Wilmington this ___ day of August, 2013, having reviewed the above captioned case;

IT IS ORDERED that petitioner Sean David Woodson's ("petitioner") motions asking for reconsideration and to reopen his proceeding for a writ of error coram nobis (D.I. 12; D.I. 13; D.I. 15) are **DENIED**, for the reasons that follow:

**1. Background.** On February 4, 2009, in the Delaware Superior Court, petitioner entered a guilty plea to third degree burglary, a lesser included offense of second degree burglary. (D.I. 3 at 62) He was sentenced to three years of incarceration at Level V, with credit for 225 days previously served, suspended for one year at Level III. *Id.* at 33. Petitioner was also ordered to pay restitution in the amount of $5307.16. *Id.*

2. In October 2009, petitioner was arrested as a felon in possession of a firearm. Thereafter, in December 2009, the grand jury for the District of Delaware indicted him on one count of violating 18 U.S.C. §§ 922(g)(1) and 924(e), i.e., possession of a firearm after having been convicted of a felony. See *United States v. Woodson*, Cr. A.

No. 09-117-LPS, (D.I. 17).[1] On January 7, 2011, a federal jury convicted petitioner on that count. However, on August 5, 2011, petitioner's motion for a new trial was granted. *Id.* at D.I. 157. The government appealed, and the Court of Appeals for the Third Circuit affirmed the decision to grant the new trial on January 4, 2013. *Id.* at D.I. 243.

3. In the interim, petitioner was entirely discharged from the probation portion of his state sentence on June 29, 2011, due to the fact that he was serving a federal sentence. (D.I. 3 at 62)

4. Thereafter, petitioner unsuccessfully attempted to expunge his 2009 conviction for third degree burglary from the Delaware Superior Court records. *Id.* at 69. He also unsuccessfully sought a writ of error coram nobis from the Delaware state courts. *Id.*

5. In September 2012, petitioner filed in this court a "petition for a writ of error coram nobis" with respect to his 2009 conviction in the Delaware Superior Court, alleging that is entitled to relief because: (1) he is "actually innocent" of third degree burglary and also of the charges that were dismissed; (2) his plea was rendered invalid due to the trial court's failure to advise him of the crime's elements; and (3) defense counsel provided ineffective assistance. (D.I. 3 at 6-14)

6. In a memorandum order dated March 1, 2013, the court dismissed petitioner's petition for a writ of coram nobis for lack of jurisdiction, explaining that coram nobis relief is not available in federal court as a means of attacking a state court

---

[1]The court's memorandum order dated February 28, 2013 mistakenly referred to the original indictment (D.I. 2) rather than to the superseding indictment (D.I. 17). Contrary to petitioner's assertion, this citation error does not warrant reconsideration of the court's decision denying his request for coram nobis relief.

judgment. (D.I. 11) Additionally, to the extent the petition could be construed as an application for federal habeas relief pursuant to 28 U.S.C. § 2254, the court denied the petition for lack of jurisdiction because petitioner is no longer in custody pursuant to the Delaware judgment of conviction being challenged. *Id.*

7. On March 18, 2013, petitioner filed a motion for reconsideration and a motion to reopen. (D.I. 12; D.I. 13) He then filed a second motion to reopen and reconsider on July 31, 2013. (D.I. 15).

8. **Standard of Review.** A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

9. Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a

Rule 60(b) motion only in extraordinary circumstances,[2] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

**10. Discussion.** Petitioner's motions to reopen his case merely reassert the same arguments contained in his petition for a writ of error coram nobis. As the court previously held, petitioner cannot obtain coram nobis relief in this court because he is challenging his Delaware court conviction. Petitioner also cannot obtain habeas relief under § 2254 because he is no longer in custody pursuant to that Delaware conviction. For these reasons, the court is not persuaded by petitioner's argument that it committed a clear error of law. Accordingly, petitioner has failed to present the court with any reason warranting reconsideration of its decision.

11. In addition, to the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

UNITED STATES DISTRICT JUDGE

---

[2] *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).